LEE, FRIED & COMPANY V. HENRY BRUGMANN ET AL.

FILED JUNE 29, 1893.    No. 4162.

1. **Promissory Notes**: PRINCIPAL AND SURETY: RELEASE OF
    SURETY.   The extension of time of payment of a note to the
    principal, by the payee, upon sufficient consideration, without
    the knowledge of the surety, releases the surety; and evidence
    clearly directed to proof of such facts properly pleaded is com-
    petent.

2. **Trial**: ADMISSIBILITY OF EVIDENCE: MOTION TO STRIKE OUT:
    REVIEW.   Where the admissibility of evidence is for the first
    time called in question by a motion to strike it out of the record,
    it is very questionable whether, under any circumstances, a re-
    view can be had of the ruling of the district court upon such
    motion.

3. **Review**: WEIGHT OF EVIDENCE.   A verdict will not be dis-
    turbed because unsupported by the evidence, unless it is clearly
    so.

ERROR from the district court of Lancaster county.
Tried below before FIELD, J.

*Cornish & Tibbets*, for plaintiffs in error.

*J. C. Johnston, contra.*

RYAN, C.

This action was brought by the firm of Lee, Fried &
Co. to recover judgment on a note made to said firm by
Henry Brugmann and Jacob Rocke for $300.   As a ver-
dict was returned against Brugmann, upon which judgment
was rendered, to which he has made no objection, his an-
swer need not be mentioned.   Mr. Rocke answered that he
signed said note only as surety for Brugmann, which fact
was well known to plaintiffs at the time; that afterward,
without the knowledge or consent of said surety, Brug-
mann entered into an agreement with all his creditors to

sell out the entire stock then owned by Brugmann; and that the same should be divided among Brugmann's creditors, upon which said Brugmann was to be discharged as to all liability on said note. The defendant Rocke further averred that said stock was accordingly so sold, and the proceeds to the amount of $500 were applied upon the indebtedness of Brugmann to the plaintiffs, and the time of payment of said note was extended, to the damage of said Rocke, wholly without his knowledge or consent. Defendant Rocke further answered that after said note had been signed by him as surety, plaintiffs entered into an agreement with the principal, Henry Brugmann, without Rocke's knowledge or consent, in consideration of the extension of the time of payment of all the indebtedness of Brugmann for five years (a period much greater than that for which the note was originally to run), that Brugmann would execute to plaintiffs for the indebtedness evidenced by said note, as well as other indebtedness likewise due between the said parties, a mortgage upon his stock of goods, which was done as agreed, and said time of payment was so extended without said Rocke's knowledge or consent; and Rocke further alleged, that a part of said agreement was that said note should be delivered to Brugmann, which plaintiffs wrongfully failed to perform. The reply denied in detail the several affirmative matters which by answer had been alleged as sufficient to operate as a discharge of said Rocke as surety. Upon these issues there was a verdict and judgment in favor of the defendant Rocke.

The petition in error and motion for a new trial present the same grounds for review in as nearly the same language as the nature of the two documents will permit.

The first assignment of error, that the verdict is contrary to law, must fail, for the defense pleaded by Mr. Rocke was, if sustained by the evidence, amply sufficient to discharge him from liability for Brugmann's debt.

It is claimed, next, that the verdict is contrary to the evi-

dence, and there are addressed to us some cogent arguments to sustain this claim. After all, however, it was merely a question of preponderance with sufficient, either way, to sustain a verdict. It cannot, therefore, avail to insist upon this objection.

Another error is assigned in the following language: "The court erred in admitting testimony or evidence of defendant Brugmann's arrangements with his creditors to sell his stock and prorate the amount received among his creditors, the admission of which evidence was objected to by plaintiffs and exceptions properly taken." Referring to the evidence of Brugmann and other witnesses, it is found that the testimony called in question was relevant to the issues presented by Rocke's answer, in which, as already has appeared, there was pleaded a good defense. This objection is therefore without merit. Aside from this, it is questionable whether exceptions were properly taken. For instance, as to questions asked Brugmann upon this head it is found that the record shows only that plaintiff objected as irrelevant and incompetent, following which was no ruling or exception. Apparently about the time Mr. Brugmann's deposition was offered in evidence the following action was had, as shown by the record: "Cornish: I move that the testimony in the deposition of Mr. Brugmann contained in answers to questions 38 up to 85 inclusive be striken out as irrelevant and immaterial, the testimony showing that the agreement to prorate was not carried out, it not appearing that there was any consideration for the agreement, and for the further reason that an agreement to sell out at once and divide the money prorate amongst all of one's creditors is not an agreement to give time, but is a payment to all his creditors. Motion overruled and plaintiff excepted." Within these forty-seven interrogatories and answers sought to be striken out *in solido* by an oral motion, there was much evidence that should have been submitted to the jury, possibly some

that should not.    Under this motion, however, the court could not be required to select and strike out that which might be objectionable.    A motion of this kind is of rather doubtful utility, at best, as to evidence which has been admitted without objection.    To extend it as sought in this instance is out of the question.

The only other errors assigned are based upon the giving, or refusal to give, the several instructions set out in the record.    These cannot be reviewed for the reason that to the ruling upon no one of them was an exception taken.

The judgment of the district court is

AFFIRMED.

THE other commissioners concur.